May it please the Court, Counsel, my name is Paul Roguszewski. I represent A.M.L. and her mother, the Guardian. The appellant's issue is quite simple. This Court should hold that a stated ceiling or a cap or upper limit on damages, here in this case it's $275,000, qualifies as a sum certain. And the Court has that jurisdiction to pursue Ms. Losey's claim. The reason for this and the reason this Court should overrule the District Court is because no Federal Circuit Court has ever held that a ceiling or a cap or an upper limit negates a sum certain. So in your view, in your view, a range is a sum certain? Well, it has a ceiling or an upper limit, which is a cap, and that's what the 6th, the 2nd, and the 10th Circuit have all held. What if in some of the discussion, well, in your first demand letter, not demand letter, your first submission was at least $50,000? Correct. Is that a sum certain? No. And it was amended. Well, and I don't mean it for your particular case, but what about the additional language that people add on around their proposed dollars? I know that some Courts have said, well, that's just, that's surplusage, we will ignore it. But it has a meaning to it, you know, no more than or at least or a minimum of. Well, even in Madoff, the plaintiff would add more and they were requested to add more and they would add more. And so what happens is, is if you take a look at the 6th Circuit and the 10th Circuit and the 2nd Circuit, in this case, Rucker versus the United States Department of Labor, the Rucker case, they had a case where the fellow said, my damages were $10,000-$450,000. And the 6th Circuit said that that provided an upper limit and thus provided a sum certain. The 2nd and the 10th Circuit, although holding that there wasn't a sum certain, but the holding in those two cases was that it wasn't a sum certain because there was no ceiling. And that case is Bradley versus the Veterans Administration. The quote in that case is, 271, is, a valuation without a ceiling does not afford the agency sufficient information to determine whether a plaintiff's claim is realistic or settleable. Accordingly, this Court declines to hold that the plaintiff's value of his claim, which he said, quote, in excess of $100,000, is not sufficient to satisfy the sum certain requirement. But the holding in the case is that if there's a ceiling, that provides a sum certain. And the other case in the 2nd Circuit is Adams versus the Department of Housing, 807 Fed Second 318. That case rejected the language, quote, in excess of $1,000. And they held the same thing as Bradley, is that it doesn't afford the agency any ability to evaluate the case because there's no theoretically upper limit. Well, what about the link to the statute? I mean, our Court has said it's jurisdictional and you just can't bring a case unless you've told the agency a sum certain. And I think if you look up sum certain, that's a dollar amount. Well, the sum certain in these cases was a ceiling. And a ceiling is a dollar amount, and that's where you're limited in your jurisdiction. Whatever that ceiling is, that's the most you can get. And that's what your 8th Circuit cases all held. That's what Melo, Lunsford, and Mader all hold. If you take a look at page 4 of our brief, there's Melo's quote as to what we're all about here. The initial purpose of the regulations requiring a statement of the specific sum claim to enable a determination by the head of the Federal agency as to whether the claim falls within the jurisdictional limits of his exclusive authority to process, settle, or to properly adjudicate the claim. Above those limits, the settlement must have the prior written approval of the Attorney General or his designee. Furthermore, the requirements of the regulations are intended to set up uniform procedures in the exercise of settlement authority. You take a look at Lunsford, which is on page 14 of our brief, and that says it's necessary that a sum certain be so stated so that the government is informed whether a claim is one that the individual agency has authority to settle or whether it is in excess of $25,000 and thus require an approval of the Attorney General prior to settlement under 28 U.S.C. 2672. The statement of a sum certain is all necessary in connection with insurance coverage that may exist for the government action. Lastly, in Mader, in the appellee's brief, they even say, in Mader, this court noted that the sum certain requirement of the Attorney General's regulation comes directly from the FTCA, the Federal Tort Claims Act itself. Similarly, the Tort Claims Act 2675A does not expressly mention the sum certain requirement. This requirement derives from the 2675B edict that an FTC action shall not be instituted for a sum in excess of the amount of the claim presented to the Federal agency. So once you make that claim, you're stuck with that, which amount is in turn implicit in the information necessitated by 2672. So what we're saying here is the Eighth Circuit should not be the first circuit in the United States to deny a claim where a sum certain has contained a ceiling, an upper limit, or a cap. Here in this case, Ms. Losey presented a demand with an upper limit of $275,000. She told them, after you look at everything, after you look at the medical records, which they were given, which you look at the segregation records, which they were given, which they look at the doctor's permanency rating, which they were getting, and you investigate the claim, call us to discuss our demand. The demand is the upper limit. By including everything in the ceiling of the $275,000, so Ms. Losey included everything, including that ceiling, we met the statutory purpose, as I just outlined in those three quotes, of Melo, Lunsford, and Bader. So the ceiling of $275,000, we met the statutory purpose, we presented the government all the information needed to facilitate settlement, and that's what we're supposed to do. That's what we're supposed to do in these cases. And we determined who in the federal government must approve the settlement. Nothing more that we submitted was needed. It all fit the claim, because all these cases in the Eighth Circuit say you must exhaust the administrative remedies, because the law is the only avenue that we give you so that you can pursue a suit against the sovereignty. But first, you've got to do what the administrative people want. You've got to get a chance to facilitate settlement. By knowing that you have authority, by telling them what the claim is about so they understand the claim, and letting them investigate the claim, and then stating in a max that you're guaranteed. And that's what we did. So we did nothing more. We gave the government everything that these cases asked for. And we gave them a ceiling. And so you would be the first circuit to deny that ceiling if you look at the case law in the circuit. And the other cases in the other circuit are pretty liberal. They tend to try to expand more, and they take the verbiage that you're talking about, Judge, sometimes they just exclude it. That's in the Fifth Circuit and the Seventh Circuit. But here in your circuit, here a settlement or a ceiling of $275,000 sets the limit. We're bound by that. When we go to district court, we're bound by that. So I'd like to preserve the rest of my time here in court unless the court has any questions. Thank you. Thank you. Thank you. I'm shorter right in the middle. Right in the middle? In the front, yeah. In front of you. Oh, there we go. Thank you. I'm not quite as tall. May it please the court. My name is Greg Brooker, and I represent the defendant, United States of America, in this Federal Tort Claims Act case. I'd like to go right to the issue that was presented here moments ago, that there's some kind of a ceiling in this case. I think it's important for the court to look exactly what was written in that demand letter since the plaintiff here has agreed with the government that the initial claim on the SF-95 form in excess of $50,000 is not a some certain. So I think we set that language aside since there's an admission that that is not a some certain. And the plaintiff now relies solely on the following sentence. Quote, We believe settlement in the range of $250,000 to $275,000 is a very conservative estimate of her damages, end of quote. The plain meaning of that sentence cannot indicate in any way a mandatory ceiling. And in fact, Congress was very clear in 1966 when they amended the FTCA, right? It's initially passed in 1946 and one could go immediately to federal court. 20 years later, Congress comprehensively changes the FTCA and has right in 2675A a mandatory exhaustion requirement. And then importantly, right after that, in B, it says whatever the cap, excuse me, the cap in the district court claim and action will be the amount of damages requested by the claimant in the administrative tort claim process, which is mandatory. Immediately thereafter, the Attorney General promulgates a rule which this court in Mader and Rollo Carlson says, in essence, is part of the FTCA, part and parcel of it. It's as though it's a paraphrase, this court said, of the FTCA. Importantly, in that regulation in 1966, the Attorney General says we're going to require three things for a valid presented claim to the agency. It's got to be in writing, some kind of form of writing, notice of the incident so the agency can investigate it, and then it must contain a claim for money damages, quote, in some certain. And thirdly, which was one of the issues in Mader, the en banc decision of this court, evidence of legal authority of the person submitting the claim. All three of those elements are crucial and this court said they're jurisdictional. Counsel, you've asked, when you look at the letter that you've referred to where we believe settlement in this range is a very conservative estimate, and you've stopped towards the end of that sentence, but the very next sentence describes that as a demand. And so, couldn't someone read that as, well, he's just giving, he's trying to present his demand in the light most favorable to his client, and say, look, we're being good guys. We're asking, we're lowballing this. Here's our demand. Why isn't that as some certain under your concern about the very conservative estimate language? Because, of course, there's a range in that letter. All right, so let me ask then, that's a good point. Is it your point it has to be one number? Yes. It cannot be a range? Yes, Your Honor. Some certain, so let's kind of go to the plain reading of some certain, because I mentioned it's in blaze in the AG regulation from 1966. Importantly, this case of King that the court here issued in 2021, King v. United States, the court instructed court to plainly read the FTCA and the corresponding regulations. So what we have to, I believe, under King and the long line of cases, plainly read the word some certain in the regulation. And if you look at any plain meaning of the word some certain, you go to Black's dictionary. It's fixed, settled, exact. You go to, oh, you go to Webster's and it's settled, fixed, definite, exact. So my point is, if you look at that sentence in the demand letter, where is there a fixed sum? Where is there an exact sum? Where is there a settled sum? Where is there a certain sum? There's nothing certain about that letter. What if it had said, based on the injury, we believe settlement of $275,000 is a very conservative estimate. Next sentence, after you've had a chance to review our demand, let me know. Is that a sum certain in your mind? I think we would be in a different case, Your Honor, because... Well, but I'm asking you, is that, is that, it is a different case, it is. I think it is. That's a demand. Right? That's a demand and there's one fixed, settled, certain number that is presented to the agency. You know, it's important to go back to the plaintiff's complaint here, because today the plaintiff argues, oh, we had a ceiling. We all knew what the cap was in district court. Nothing could be further from the truth. You go to his complaint, Your Honor, and in the prayer for relief, this, he vaguely notes the following, and I'm, I'm quoting, Plaintiff demands judgment against defendants herein for a reasonable sum in excess of the minimal jurisdictional limits of the court in an amount to fully compensate her damages as stated in standard form 95 and throughout this complaint. End of quote. So clearly by the time plaintiff arrives in federal district court, there is no predetermined cap, because of course there was no fixed sum. There was no sum certain. That's just sort of, that's sort of just a matter of pleading. I mean, yeah, he didn't put it in there, but that sort of is kind of, I don't know if it's circular, but it sort of doesn't answer the question as to what is a sum certain. It just means he didn't put it in the complaint. Well, he did certainly reference as stated in standard form 95, right? And if you go to his standard form 95, that's where he now has abandoned his claim that that's a sum certain, quote, in excess of $50,000. I think it's important that we have to understand that in the en banc decision in Nader, and in this court's ruling in Rollo Carlson, it's strict compliance, quote, unquote, with the three requirements in the Attorney General's regulation. Plaintiff cannot argue here that she strictly complied with the sum certain requirement when there's language that's so confusing and vague, and there's a range of numbers between $250,000 and $275,000. So what's the government's proposal for a rule? So if we end an opinion and it's in the government's favor, and it adopts your rule for how we determine whether a plaintiff has met this jurisdictional requirement of submitting a sum certain, what is it? I mean, just a short rule. I think it's pretty straightforward, and it's at the end of the government's brief. Under Nader and Rollo Carlson, a plaintiff either strictly complied with the sum certain requirement, or she did not. And we affirm the district court finding that there was no... I want a rule that I can apply in another case. I understand your ruling you want for this case, but I want a rule that I can apply the next, or that your client can apply the next time to determine whether this is a sum certain. So what rules, standard, do I take away to apply to the next case like this? I think you go back to King and you say we have to plainly read the word sum certain, which is jurisdictional, it can't be waived, and you have to have strict compliance with the word sum certain. And, Your Honor, of course, all these cases are different, right? Because they're using different words around different numbers. I mean, here, the plaintiff... Just one number, is that the rule? Well, certainly, if you go back to the plain meaning and definition of sum certain, yes, Your Honor. But is that your proposed rule, one number? And where is the one number in this case? Initially, we had three different numbers, with meaningful words surrounding those three numbers. So certainly, Your Honor, the court cannot take a big eraser and start erasing words that have meanings. And that's one rule for future cases. You have to be precise. You have to be certain. You have to be fixed. You have to be definite. You're arguing about what those words mean. And other circuits have perhaps interpreted those words differently, right? So I'm still struggling with getting an answer to Judge Kelly's question. Are you suggesting the rule might be different in different cases? Or is it one number and no attached explanation? Or, I mean, what specifically is the bar they have to cross? Yes. If you look at SF95, now, granted, under the rule, you don't have to submit, right, a claim form SF95. But if you go to box 12, it says total damages. And then, of course, there's all these warnings on the front page and on the back page of SF95 saying, you must have a fixed sum. A certain, a certain sum. A sum certain. So there's a box there, and it's meant to have one number. Now, would you agree other circuits would disagree with your proposed rule? Well, other circuits don't have an en banc decision in NADER. That wasn't my question. My question was, would you agree other circuits take a different view and would apply to your rule? Well, you know, I calculated all the circuits. And the lenient circuits are the 1st, 2nd, 5th, 7th, and 11th. But there are many strict circuits, like the 8th, the 3rd, the 4th, the 6th, the 8th, the 9th, and certainly the 10th. I think the court has to be mindful that if there's not one number in that box, or if there's not one number in a demand letter, we have no, the district court, when it gets and receives an FTCA case, and it's trying to find out if it has subject matter jurisdiction, and it goes through three requirements, and have you exhausted your administrative remedies, and they find out that it's loosey-goosey because there's many numbers, in this case initially three, the court doesn't even know what the maximum cap is. And this notion that this sentence has a sounding in it is just not, it doesn't comport with the language of the sentence itself. How can a range of numbers that is deemed to be a very conservative estimate be a some certain and a ceiling? So, in conclusion, this court in Mader and in Royal Carlson requires the plaintiff to strictly construe, right, and have strict compliance and conformity with the three requirements. And here, the plain meaning, the plain reading of the word some certain is clearly not in the record below. Thank you, Your Honors. Thank you. Thank you, Counsel. May it please the Court again. What the government's position is, is we have to have one number. Lawyers in personal injury or lawyers in any kind of case in Minnesota are required to mediate. And mediators always ask for a low sum and your high ceiling. This is a waiver of sovereign immunity What's that? I mean, this is a different situation. I probably should have let you finish the line. I mean, this is a waiver of sovereign immunity. And we found that these requirements are jurisdictional. To me, it strikes me as a very different situation than a civil mediation. But as long as you have a ceiling, you know what your maximum is. You're bound by that. Ethically, in law, you're bound by that. You're bound by that in the federal courts because unless you can show newly discovered evidence, you're going to be at that ceiling of $275,000. And that's what the court is going to limit me in my lawsuit. And here, in this particular case... In this case, that's not what the court decided. It was inadequate, right? I take your point, but I... What I'm saying in this particular case, the government did exactly what the Maeder case said to do. They looked at everything and they came back and they said, no negligence. The record shows, I called them up and I said, what are you talking about? Here, the mother of this child is a registered nurse. She was sitting right next to her. She saw it happen. They went directly to a doctor and here's the doctor's causation. And, when they had their own doctor do it, he decided that it was caused by this running over the foot. So, they knew what was going around. We complied with everything that the government says that you have to do in Maeder, Lunsford, and Malo. We gave them everything so they could determine who has the authority to settle. They have to go to an attorney general. They have only $25,000 limit. And, we told them exactly what the ceiling was, $275,000. And, they knew we had authority. And so, they analyzed the case and that's what facilitates settlement. And, I made a demand and I said, after you've had a chance to look at this, call me up and we'll talk about it. And, all these cases allow you to amend that SF-95 by a letter or by a demand or by calling up and talking to them because they've done it in all these cases. And so, to have one number what if I put in a million dollars? That'd be ridiculous. It wouldn't be reasonable. It wouldn't be ethical. What you do is if you get real, if you don't allow the ceiling, if you're the first circuit that doesn't allow a ceiling, you're going to get people to put $4 million in or $5 million. Ridiculous figures. Ethically, I think I'm bound to give the government a reasonable figure to talk about, to negotiate about, to facilitate settlement. I take what you're saying, but the question is, is it a reasonable figure or a reasonable range with a cap? I mean, that's the question, right? I mean, I think we all think it should be reasonable under the ethical obligations of counsel, but I think you should go with the Sixth Circuit and the Second Circuit and the Tenth Circuit. I mean, their logic makes sense. And you know, it is true that some of the other circuits are liberal. I mean, the First Circuit in Holloway, which we cite in our brief, they said even approximate total damages. The real liberal case is the First Circuit, which they said to throw out a claim entirely as over one some certain was bureaucratic overkill when they said $100,000 plus. So at least this case makes sense, where you have a ceiling, because that limits you when you go to the Federal District Court. And then I just want to call the Court's attention to that Everett Ex-Berleben 168F Sec. 268, that's the Seventh Circuit case where State Farm, they allowed State Farm what they said our personal damages were 149.42 and we got more newly discovered evidence. They allowed that in. Thanks very much. I appreciate it. Thank you.